UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUNIGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendant. | No. 2:19-cv-2501 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 20, 2019, the undersigned filed findings and recommendations that recommended plaintiff's motion to proceed in forma pauperis be denied on the ground that plaintiff had accrued three strikes under 28 U.S.C. § 1915(g). ECF No. 5. Plaintiff has objected to the findings and recommendations on the ground that one of the cases identified, <u>Dunigan v. California Department of Corrections</u>, E.D. Cal. No. 2:01-cv-1591 WBS JFM, is not a strike because he was not incarcerated at the time he filed the complaint in that case. ECF No. 7 at 1-2. He does not raise any objections related to the other two cases identified as strikes or to the finding that he failed to allege facts demonstrating imminent danger of serious physical injury.

      Assuming that plaintiff was not in custody at the time he filed the complaint in Case No. 2:01-cv-1591 WBS JFM, he is correct that that case cannot count as a strike. The December 20, 2019 findings and recommendations will therefore be withdrawn. However, the court has

1

identified another case, <u>Dungan v. United States</u>, E.D. Cal. No. 2:10-cv-2965 MCE EFB, which was clearly initiated while plaintiff was incarcerated and was dismissed on grounds that constitute a strike. Accordingly, the undersigned will once again recommend that plaintiff's motion to proceed in forma pauperis be denied.

Also pending before the court is plaintiff's motion for miscellaneous relief styled as a "sovereign motion invoking global street kraft upon stayed release and criminal enforcements." ECF No. 6. The motion states that it "arrises [sic] out of a dual intentionally false and erroneous Sacto., County convictions . . . both of which are 'freestanding actual innocence claims.'" <u>Id.</u> at 1. The motion appears to be a mishmash of multiple motions and documents covering a variety of issues and is comprised predominately of citations to various statues without any cognizable request for relief. The motion will therefore be denied.

I. <u>Three Strikes Analysis</u>

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 3. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th

2

Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff in this court has led to the identification of at least three cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Dunigan v. United States, E.D. Cal. No. 2:10-cv-2965 MCE EFB (first amended complaint dismissed on May 18, 2012, without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 where findings and recommendations included explicit finding that complaint failed to state a claim, appeared to be frivolous, and "lacks merit and 'cannot possibly be saved'");[2]

2. Dunigan v. United States, E.D. Cal. No. 2:10-cv-2992 JAM KJN (case dismissed as frivolous on May 2, 2011);

////

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Dismissal under Rule 8 can count as a strike where the underlying rationale for the Rule 8 dismissal is one of the three categories outlined in § 1915(g). Knapp v. Hogan, 738 F.3d 1106, 1109-10 (9th Cir. 2013).

3

1    3. Dunigan v. United States, E.D. Cal. No. 2:12-cv-3048 TLN CKD (complaint dismissed with leave to amend for failure to state a claim, and case dismissed on September 16, 2013, for failure to file an amended complaint).

All of the preceding cases were dismissed well in advance of the December 8, 2019 filing[3] of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that she was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint names ninety-six defendants, including individuals and both private and government entities, and makes allegations regarding plaintiff's conviction, his ability to use the administrative appeals process, interference with previous lawsuits, unspecified retaliation, and various conspiracies. However, none of the allegations demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied.

---

[3] Since plaintiff is a prisoner proceeding pro se, she is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for miscellaneous relief, ECF No. 6, is denied.

2. The December 20, 2019 findings and recommendations, ECF No. 5, are withdrawn.

IT IS FURTHER RECOMMENDED that plaintiff's motion to proceed in forma pauperis, ECF No. 3, be denied and plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE