UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUNIGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | No. 2:19-cv-2501 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

I.     <u>Statutory Screening of Prisoner Complaints</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. Complaint

The complaint names ninety-six defendants, including individuals and both private and

government entities; spans over one hundred pages, not including exhibits; and appears to be a jumble of multiple other filings.[1] ECF No. 1. Review of the complaint shows that it does not state any claims against any of the defendants and instead is comprised primarily of citations to various statutes, rules, and Bible verses. Id. To the extent the complaint makes any allegations, they are rambling, nearly incomprehensible accusations of a far-reaching conspiracy by "homosexual liberals" to subject plaintiff to psychological abuse for "the purposes of gas lighting plaintiff's mental stability" and to punish him "for not accepting their criminal homosexual lifestyle" because of "plaintiff's own personal religious fundamental beliefs against homosexuality." Id. at 30-33. He makes further allegations that his previous complaints have been dismissed because he has been selectively targeted "as a form of gay liberal political democratic reprisal" and it appears that he is also claiming to have been convicted "with fraudulent and contaminated DNA" as part of some conspiracy tied to President Obama and the November 2008 election. Id. at 35-37.

Plaintiff also makes general allegations that former and current governors Brown and Newsom have conspired with California Department of Corrections and Rehabilitation administration to arbitrarily deny his inmate appeals and prevent him from going to the law library so that he is unable to reveal political corruption and "in order to give the media time to abuse the subliminal messaging system too [sic] gain access in the . . . new universal Christ Kingdom although the media's prime intent is to aid the plight of the corrupt homosexual liberal democratic progressive movement." Id. at 41-46, 48-57. He appears to go on to allege that he is the sovereign ruler of the universal Christ Kingdom and that these actions are an attempt to take over his throne, and that there have been attempts to murder him by housing him "with gay inmate operatives." Id. at 63-65, 71.

The allegations in plaintiff's complaint do not present plausible factual allegations or legally coherent theories of liability establishing a claim for relief. These claims should therefore be dismissed. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim

---

[1] It appears that plaintiff may have written his complaint on the back of other documents, resulting in those documents being included in the complaint.

as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" (internal citations omitted)).

III. No Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

The undersigned finds that, as set forth above, plaintiff's complaint is frivolous and fails to state a claim. Moreover, given the nature of plaintiff's claims, there is no way for plaintiff to amend the complaint to state a claim for which relief can be granted and leave to amend would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

IV. Motion for Extension of Time

Plaintiff has filed a motion that appears to seek additional time to pay the filing fee. ECF No. 17. The motion will be denied as moot because the filing fee was paid on February 13, 2020.

V. Motion for Media Investigation

Plaintiff has also filed a motion that appears to request an order from the court initiating a media investigation and releasing plaintiff from custody. ECF No. 12. The contents of the motion are incomprehensible and it will therefore be denied.

VI. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because it is frivolous and fails to state a claim for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to pay the filing fee, ECF No. 17, is DENIED as moot.

2. Plaintiff's motion for media investigation, ECF No. 12, is DENIED.

IT IS FURTHER RECOMMENDED that complaint be dismissed without leave to amend as frivolous and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE